IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY L. DEAN,

    Plaintiff,

v.                                                         Civil Action No. 5:08CV78
                                                                                    (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, Terry L. Dean, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since January 31, 2002, due to a work-related back injury that occurred on that date.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on November 12, 2003, before Administrative Law Judge ("ALJ") Edward J. Banas. The plaintiff, represented by counsel, testified on his own behalf, as did Vocational Expert ("VE") Larry Bell. On November 21, 2003, the ALJ issued a decision finding that the plaintiff was not under a "disability." The Appeals Council granted the plaintiff's request for review, vacated the hearing decision, and remanded the case back to the ALJ for further proceedings.

Following remand, ALJ Donald T. McDougall held a second administrative hearing on December 14, 2005. The plaintiff, again represented by counsel, testified on his own behalf. VE Larry Bell also testified at the hearing. On April 5, 2006, the ALJ issued a decision finding that on or before January 31, 2002, through the date of his decision, the plaintiff was not under a "disability." The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On August 4, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his motion for summary judgment, or in the alternative, a motion to remand, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that (1) the ALJ omitted a severe impairment and minimized others; (2) the ALJ performed an inadequate analysis of listed impairments and misstated the facts; (3) the ALJ did not perform a correct credibility analysis; and (4) there is lack of substantial support for the ALJ's residual functional capacity ("RFC") finding. The Commissioner contends that the plaintiff's arguments lack merit, and that substantial evidence supports the Commissioner's final decision that the plaintiff was not disabled on or before January 31, 2002.

Magistrate Judge Kaull issued a report and recommendation, in which he held that (1) substantial evidence supports the ALJ's findings that the plaintiff's only severe impairments were vertebrogenic disorder, carpal tunnel syndrome, headaches, and depression; (2) substantial evidence supports the ALJ's finding that the plaintiff's impairments did not meet or equal any listed impairment; (3) substantial evidence supports the ALJ's determination that the plaintiff's complaints about his pain and limitations were not entirely credible; and (4) substantial evidence supports the ALJ's RFC assessment. Accordingly, based upon these findings, the magistrate judge held that the plaintiff was not disabled on or before his date last insured.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the magistrate judge (1) erred in finding that the ALJ correctly omitted myofascial pain syndrome as a severe impairment; (2) erred in finding that the ALJ's analysis of listed impairments was sufficient; (3) erred in finding that the ALJ's credibility analysis was sufficient; and (4) erred in finding that the ALJ's RFC assessment was proper.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson

v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled on or before his last date insured is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: September 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE